Obinabo v. Radioshack Corp.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of June, two thousand thirteen.

PRESENT:
> PETER W. HALL,
> GERARD E. LYNCH,
> *Circuit Judges,*
> PAUL A. ENGELMAYER,[*]
> *District Judge.*

_____

Uchenna Obinabo,

> *Plaintiff-Appellant*,

> v.                                                              12-2476

Radioshack Corp,

> *Defendant-Appellee*.

_____

**FOR PLAINTIFF-APPELLANT:**          Uchenna Obinabo, *pro se*, Rocky Hill, CT.

**FOR DEFENDANT-APPELLEE:**          Holly L. Cini, Jackson Lewis LLP, Hartford, CT.

_____

[*]Hon. Paul A. Engelmayer, of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the District of Connecticut (Kravitz, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

In this diversity action, 28 U.S.C. § 1332, Appellant Uchenna Obinabo, proceeding *pro se*, appeals the district court's judgment in favor of Appellee RadioShack Corporation following a bench trial on his state law employment discrimination and retaliation claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

When a district court sits as a fact-finder at trial, we will reverse its findings of fact only for clear error, giving due regard to the district court's opportunity to judge witness credibility. *See* Fed. R. Civ. P. 52(a)(6); *Freedom Holdings, Inc. v. Cuomo*, 624 F.3d 38, 49 (2d Cir. 2010). When there are two competing permissible interferences that may be drawn from witness testimony or evidence, the district court's decision between those alternatives cannot be clearly erroneous. *See Cifra v. Gen. Elec. Co.*, 252 F.3d 205, 213 (2d Cir. 2001).

Connecticut law prohibits employers from discharging an employee based on that employee's sexual orientation or opposition to any discriminatory employment practice. *See* C.G.S. §§ 46a-81c and 46a-60(a)(4). Connecticut courts look to federal precedent concerning employment discrimination for guidance in enforcing Connecticut anti-discrimination statutes. *See Levy v. Comm'n on Human Rights and Opportunities*, 236 Conn. 96, 103 (1996). In an employment discrimination case, the plaintiff bears the initial burden of establishing a *prima facie* case of discrimination, which the defendant must then rebut by articulating a legitimate,

non-discriminatory reason for terminating the plaintiff. *See Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981). If the defendant does rebut the plaintiff's *prima facie* case, the presumption of discrimination is itself rebutted and "drops from the case." *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507 (1993) (internal quotation marks omitted); *Burdine*, 450 U.S. at 255 (noting that the plaintiff retains the burden of persuasion). The trier of fact must then determine whether the plaintiff has proven that the proffered reason is pretextual and that the defendant intentionally discriminated against him. *See Craine v. Trinity Coll.*, 259 Conn. 625, 637 (2002).

In order to establish a *prima facie* case of retaliation under either federal or Connecticut law, a plaintiff must show that he participated in protected activity, that his participation was known to his employer, and that he suffered a materially adverse employment action that was causally connected to the protected activity. If plaintiff makes out a *prima facie* case, the trier of fact must analyze the retaliation claim following a burden-shifting standard similar to that described above. *See Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 552-53 (2d Cir. 2010); *Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 173 (2d Cir. 2005). When considering "stray remarks" as evidence of discrimination, courts consider who made the remark, when the remark was made in relation to the employment decision, the remark's content, and the context in which the remark was made. *See Henry v. Wyeth Pharm., Inc.*, 616 F.3d 134, 149 (2d Cir. 2010).

As an initial matter, although the district court stated at the end of trial that Appellant was likely "barking up the wrong tree" with respect to his failure to promote claim and encouraged him to reconsider that claim, the court did not force Appellant to withdraw the claim and indicated its willingness to review the claim if it was pursued. Ultimately, Appellant's counsel voluntarily withdrew the failure to promote claim after reviewing the evidence presented at trial.

3

Appellant cannot now object to its dismissal.  Furthermore, Appellant did not object to Appellee's motion *in limine* seeking to preclude certain allegations that were remote in time. Appellant's objection, therefore, is not timely raised on appeal.  *See* Fed. R. Evid. 103; *United States v. Yu-Leung*, 51 F.3d 1116, 1120 (2d Cir. 1995).

Moreover, an independent review of the record and relevant case law reveals that the district court did not err in determining either that Appellant had the burden of demonstrating discrimination or retaliation or that he failed to meet this burden.  Although there were minor inconsistencies in the testimony of several of Appellee's employees or former employees, these inconsistencies were generally immaterial and were overshadowed by the overwhelming consistency among employee accounts.  The district court's decision to credit this consistent testimony was not clearly erroneous.  To the extent that Appellant indicates that he has presented evidence of discriminatory or retaliatory animus aside from two stray comments made by supervisors not responsible for his termination, except for the inconsistent testimony noted above, he has not identified any such evidence.

We have considered Appellant's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

Appellant's motion to strike portions of Appellee's brief referencing a pre-trial telephone conference is **DENIED**, as Appellant was represented by counsel at the conference and was informed of and did not object to Appellee's intent to include the transcript of the conference in its appendix.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4